## LORENE PETRO v. STATE OF INDIANA

[No. 278S20. Filed December 20, 1978.]

*Timothy J. Burns*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert J. Black*, Deputy Attorney General, for appellee.

GIVAN, C.J.— Appellant was convicted by jury of second degree murder and sentenced to an indeterminate term of 15-25 years imprisonment.

Appellant cites numerous instances of trial court misconduct which she alleges deprived her of a fair trial. These actions include: (1) frowns, shrugs and raised eyebrows directed at the appellant in the presence of the jury, (2) unreasonable limitations upon appellant's cross-examination of State witnesses, (3) limitation upon appellant's closing argument, and (4) permitting the prosecutor to comment during closing argument that the reason he did not cross-examine the appellant at trial was because he "didn't believe her." These actions, when taken together, might raise an issue of trial court impropriety. However, the appellant has the burden to demonstrate from the record that this alleged misconduct actually occurred. *Misenheimer v. State*, (1978) 268 Ind. 274, 374 N.E.2d 523; *Strickland v. State*, (1977) 265 Ind. 664, 359 N.E.2d 244. This the appellant did not do. Appellant's attorney attached an affidavit to the motion to correct errors which sets forth alleged instances of trial court misconduct. This affidavit is insufficient in itself to establish abuse of trial court discretion or prejudice to the appellant. Neither the affidavit nor the briefs filed herein set forth specific details of these alleged improprieties. Furthermore, the record does not substantiate any of the appellant's allegations. The

record shows no objection to limitations upon cross-examination or to the trial court's alleged prejudicial demeanor. Appellant has failed to include counsels' closing arguments or any objections which were made concerning the conduct of the trial judge during closing arguments. There is nothing in this record to support the allegations of the appellant. There is, therefore, nothing upon which we could base a reversal on these points.

Appellant next claims the verdict is contrary to law because the State failed to prove a purposeful and malicious killing. She contends that she was intoxicated and therefore incapable of forming the specific intent required for second degree murder. When reviewing a sufficiency challenge, we do not reweigh the evidence or determine the credibility of witnesses, but will affirm the verdict if there is substantial evidence of probative value on each element of the crime charged. *Pulliam v. State*, (1976) 264 Ind. 381, 345 N.E.2d 229; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

The record in this case reveals that on the night of September 7, 1976, the appellant and the decedent got into an argument at a local tavern concerning a common boyfriend, Earl Wheeler. The appellant threatened to kill the decedent if she did not stay away from Wheeler. Wheeler then left the tavern and was followed shortly thereafter by the appellant. The decedent and a friend went to Wheeler's home. When they knocked on a window, the appellant, who was inside, threatened to shoot them. Appellant then fired several shots through the window mortally wounding the decedent. The friend of the decedent entered Wheeler's home seeking help. She testified that appellant was sitting on the bed with a gun in her hand. When told that the decedent had been shot, the appellant stated, "Let the m_____ f_____ die, I'm going to shoot you, too."

Purpose and malice can be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or great bodily harm. *Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188. Although the record discloses conflicting evidence on the issue of appellant's drunken condition at the time of the killing, the jury had an opportunity to weigh this evidence along with the credibility of the

witnesses. The jury concluded that the appellant possessed the requisite purpose and malice for second degree murder. The record supports that finding.

The trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE—Reported at 383 N.E.2d 323.