443 N.E.2d 298 (1982)
John B. SHORT, Appellant,
v.
STATE of Indiana, Appellee.
No. 381S86.
Supreme Court of Indiana.
December 27, 1982.
*300 William C. Erbecker, Jack R. Sutherland, Erbecker & Sutherland, Indianapolis, Terry Noffsinger, Noffsinger & Deig, Evansville, for appellant.
Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.
*301 GIVAN, Chief Justice.
Appellant was charged with Theft. Shortly thereafter the information was amended to add another count of Theft and an allegation of Habitual Offender. He was tried before a jury and found guilty of the first two counts and was also found to be an habitual offender. He was sentenced to four years imprisonment on each Theft count, the terms to be served concurrently. The court's entry on sentencing regarding the habitual offender charge reads:
"The Jury having found the defendant guilty of Count III, Habitual Criminal, the Court sentences the defendant to the Indiana Department of Correction for a period of thirty years to run consecutively with sentences in Counts I and II."
The foregoing entry reflects a misunderstanding of the operation of Indiana's habitual offender statute, I.C. XX-XX-X-X [Burns 1979 Repl.].
The habitual offender statute provides that in the event of such a finding as to a defendant, "The Court shall sentence [the defendant] to an additional thirty year term of imprisonment imposed [for the underlying felony]." I.C. XX-XX-X-X(e). We have held the statute thus provides for an enhancement of the sentence for the underlying felony of which the defendant must be convicted in order to invoke the operation of the statute. Funk v. State, (1981) Ind., 427 N.E.2d 1081; Hall v. State, (1980) Ind., 405 N.E.2d 530; Wise v. State, (1980) Ind., 400 N.E.2d 114. The statute does not set forth an offense in and of itself. See, Yager v. State, (1982) Ind., 437 N.E.2d 454; Johnson v. State, (1982) Ind., 432 N.E.2d 1358; Williams v. State, (1982) Ind., 431 N.E.2d 793; Hall, supra. If the habitual offender statute is read to define a separate offense, its application would constitute a violation of the double jeopardy clause of the United States Constitution.
Appellant is not "guilty" of being an habitual offender; rather, he is found to have the status of habitual offender. See, Taylor v. State, (1981) Ind., 420 N.E.2d 1231. A sentence upon a finding of habitual criminality is not imposed as "consecutive" to the sentence imposed for the underlying felony conviction. Rather, the underlying felony sentence (here since there are two underlying felony sentences the judge must choose one to be enhanced) is enhanced by thirty (30) years.
The facts are: On January 28 or 29, 1980, two trucks leased to Nelson Wholesale Kitchens and Building Materials, Inc. (hereinafter "Nelson") located in Hopkinsville, Kentucky, were found to be missing from the business premises. On about February 6, 1980, employees of Area Supply Company (hereinafter "Area Supply"), a wholesale distributor of plumbing and electrical supplies in Hopkinsville, discovered a large number of items missing from their inventory, including sinks, bathtubs, commodes, and electrical and plumbing supplies. The two businesses are located within close proximity of one another. Tire tracks were found leading to a fence in back of the Area Supply warehouse from which the items were missing. Boards were leaning against the fence that would have enabled someone to cross the fence.
Soon thereafter police officers in Evansville began to conduct surveillance of the activities of appellant, owner of an incorporated construction firm in Evansville. He was observed driving one of the stolen trucks in the Evansville area between a large storage building he was renting in Posey County, an Evansville motel, and a construction site in Evansville on which his corporation was building an apartment building. Eventually the construction site was searched while the stolen truck was parked on the premises. Some of the items missing from Area Supply were found in the semi-completed apartment units. Appellant was arrested later that day. The next day the storage building in Posey County was searched. More of the stolen items were found.
Appellant claims the trial court erred in giving several instructions, the effect of each being to inform the jury of the penalties associated with the various offenses with which he was charged and the *302 lesser included offense of each of the charges. He also claims instructions he tendered and which were refused should have been given instead, as those instructions omitted the information as to penalties.
It is true we have disapproved of the jury being informed of the penalties associated with the offense. Jones v. State, (1981) Ind., 425 N.E.2d 128; Inman v. State, (1979) Ind., 393 N.E.2d 767; DeBose v. State, (1979) 270 Ind. 675, 389 N.E.2d 272. Under I.C. XX-XX-X-X [Burns 1979 Repl.] the duty of sentencing has been left solely with the trial judge. However, in the case at bar, all the challenged instructions contained is information that a given offense is a certain class of felony (or misdemeanor in some instances). None of the challenged instructions informed the jury of the number of years of imprisonment associated with the class of offense into which the particular crime falls.
We see no problem with the instructions as to the prohibition against informing the jury as to penalty. We hold there is no violation of such prohibition.
In a related claim appellant argues the trial court erred in giving Final Instruction No. 17, wherein the court instructed the jury it was providing them with no information as to penalties associated with the various potential offenses involved in the case. Appellant asserts this instruction should not have been given because, in fact, information as to penalties was given to the jury. Therefore, appellant concludes conflicting instructions were erroneously given to the jury. We have already shown appellant's basic premise is faulty, thus this argument must fail.
Appellant claims the trial court erred in the manner in which it entered the judgment of conviction on Counts I and II for Theft. However, there is no allegation of error as to this issue in the Motion to Correct Error. An allegation of error on appeal not raised in the Motion to Correct Error is waived. Hooks v. State, (1980) Ind., 409 N.E.2d 618; Lynn v. State, (1978) 268 Ind. 632, 377 N.E.2d 1357.
Appellant claims the trial court erred in admitting into evidence certain items identified as stolen from Nelson and Area Supply. The record shows some of these items were seized between 9:00 a.m. and 9:30 a.m. on Monday, February 3, 1980. Appellant had been under surveillance by police officers as a suspect in the instant offense for several days prior to this seizure. Earlier in the morning of February 3 one of the stolen trucks was observed in the parking lot of an Evansville motel from which it was driven to the construction site by appellant. The officers who had spotted the truck and followed it observed it being unloaded at the site and moved immediately onto the site and arrested all those present. Appellant was not present at this time, however, as he had departed from the scene during the time the officers were parking their own vehicle. They also searched the premises and found some of the items. Appellant at trial and now on appeal objects to the admission of these items. This search took place without benefit of a warrant. Later that day warrants were obtained to search both the construction site and the Posey County warehouse appellant was renting.
Appellant's argument as to this first preliminary search and the admission of the items discovered as a result is simply that the evidence was discovered pursuant to an unreasonable search within the meaning of the Fourth Amendment to the United States Constitution. Hence, the fruits of the search are inadmissible as evidence under the "exclusionary rule" of Mapp v. Ohio, (1961) 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 and Callender v. State, (1922) 193 Ind. 91, 138 N.E. 817.
In cases involving a question of the validity of a search, we are required to ask two questions: (1) was the search "unreasonable" within the meaning of the Fourth Amendment, and (2) if so, were the rights thereby violated the rights of the defendant or some other person. Pollard v. State, (1979) Ind., 388 N.E.2d 496. As to the first question, whether a particular warrantless seizure violates the Fourth Amendment depends on the facts and circumstances *303 of each case. Lance v. State, (1981) Ind., 425 N.E.2d 77; Pollard, supra. The State bears the burden of proof for proving an exception to the warrant requirement. Lance, supra; Pollard, supra.
The State has met its burden in this case. Even where a warrantless search of a person's home is involved, such a search is reasonable if the exigencies of the situation mandate an immediate response. Ludlow v. State, (1974) 262 Ind. 266, 314 N.E.2d 750; Maxey v. State, (1969) 251 Ind. 645, 244 N.E.2d 650. One such exigency is that there is reason to believe evidence is being destroyed or is about to be destroyed. See, Schmerber v. California, (1965) 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908; Ludlow, supra.
In the case at bar the record shows the stolen items discovered in the warrantless search were bathtubs packed in boxes and lengths of copper tubing, items commonly used in the construction of residential dwellings. The record also shows the bathtubs were identifiable only by markings on the boxes themselves as items from Area Supply. In the case of the copper tubing, the only identification marks were on tags wrapped around the bundles of tubing. If the officers had waited to get a search warrant for the construction site, there was valid reason to believe the identifying characteristics of the stolen items would be lost and the items themselves, though not destroyed, would certainly be indistinguishable from other like items. Thus, we hold the search was "reasonable" within the meaning of the Fourth Amendment. The admission of the items discovered in the search was not error.
Appellant makes two arguments with respect to the search of the Posey County warehouse he was renting. This search was premised on a warrant issued by a Posey County court in the afternoon of February 3, and executed the next day. Appellant argues first the evidence seized in the search of the warehouse was the "fruit of the poisoned tree." He contends part of the probable cause showing made to authorize the issuance of the warrant depended upon testimony as to the discovery of some of the missing items in the earlier, and in appellant's view illegal, search of the construction site. He cites Wong Sun v. United States, (1963) 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, in support of his argument. This argument must fail, however, because we have already shown the first search was "reasonable" notwithstanding the fact it was warrantless.
Appellant's second argument with regard to the search of the warehouse is that the warrant for it was improperly issued because the two police officers who appeared before the Posey County judge, who issued the warrant, recited unreliable conclusions rather than facts on which probable cause could be found.
Under the Fourth Amendment a determination of probable cause is required to be made by a judge before a search warrant can be issued. If issued upon sworn oral testimony, there must be a substantial basis therein for the judge to find that probable cause exists to believe the proposed search will result in the discovery of evidence of an offense. McClain v. State, (1980) Ind., 410 N.E.2d 1297. The evidence placed before the judge must reflect either facts within the personal knowledge of the affiant (the officer presenting oral testimony in this case) or upon credible tips from a reliable informer to establish probable cause. Pirtle v. State, (1975) 263 Ind. 16, 323 N.E.2d 634. See also, I.C. 35-1-6-2 [Burns 1979 Repl.]. Attestations upon which probable cause is premised must be attestations of fact and not mere conclusions of the affiant or witness. Aguilar v. Texas, (1964) 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Kinnaird v. State, (1968) 251 Ind. 506, 242 N.E.2d 500.
In the case at bar the essential facts needed to establish probable cause were shown to be either within the personal knowledge of the two officers or were acquired by them from a reliable informant. One of the officers testified he personally knew of appellant's prior criminal history. He testified he knew appellant had, in the *304 past, stolen construction materials from suppliers and then used the materials in his own construction projects. The other officer testified he was informed by employees of both Nelson and Area Supply that various building materials were unaccountably missing and believed stolen from the premises of both businesses. This information constituted tips from reliable informants, the informant in each instance being the citizen-victim of a crime. See, Armstrong v. State, (1982) Ind., 429 N.E.2d 647; Riddle v. State, (1971) 257 Ind. 501, 275 N.E.2d 788. The officer stated he felt these informants were reliable. This officer also stated one of these employees reported the theft of two trucks from the business. He stated that during the several preceding days during which he and other officers had been conducting surveillance of appellant, appellant had been driving a truck that matched the description of one of those stolen trucks. He also stated he had personally seen some items in the semi-completed apartment units appellant was building during his earlier search of those premises that morning. Both officers detailed their surveillance activities of the previous few days and attested to their personal knowledge of appellant's travels between the Posey County warehouse and the Evansville construction site.
We conclude there was the requisite showing of probable cause. We do not see the attestations necessary to establish probable cause as "conclusions" rather than facts, as asserted by appellant. We hold the search warrants were properly issued.
Appellant claims the trial court erred in admitting hearsay evidence over his objection. This testimony was that of witness Glenn Smiley, Sales and Operations Manager of Nelson Wholesale. He testified he examined the company's sales records for the previous two years and found his company had never made any sales to appellant, appellant's closely held corporation, or any of appellant's associates. Appellant claims this is hearsay because it is an out of court statement made by a declarant who is not a witness in the trial, the declarant being the Nelson bookkeeper who prepared the records.
It must be remembered that in this case it was not the records themselves that were admitted into evidence but rather testimony about the negative results of a search of those records kept in the regular course of business of the involved business establishment. In Brandon v. State, (1979) Ind., 396 N.E.2d 365, we held testimony as to the negative results of a search of regularly kept records is admissible as a corollary to the business records exception to the hearsay rule. In this case, witness Smiley testified these records were kept in the regular course of business at Nelson Wholesale, that he himself examined those records and that such examination produced negative results as to purchases of material by appellant or anyone associated with him. Thus the rule of the Brandon case applies. There is no error in this regard.
Appellant claims the trial court erred in refusing to allow him to conduct voir dire of the jury before proceeding with the habitual offender phase of the trial.
In Yager v. State, (1982) Ind., 437 N.E.2d 454, we held where the guidelines set out in Lawrence v. State, (1972) 259 Ind. 306, 286 N.E.2d 830 for the conduct of the habitual offender phase of a trial have been followed, there is not entitlement to conduct voir dire examination of the jury prior to the habitual offender phase of the trial. The guidelines of the Lawrence case were followed here. Consequently there is no error with regard to this issue.
Appellant claims the trial court erred in denying his Motion for Mistrial. This motion was made when the trial court ordered two of four prior unrelated felony convictions stricken from the habitual offender count. The trial court was, in fact, in error in excluding the two additional felonies. No error would have been committed in allowing proof of more than two prior felonies. The language of the statute is a minimal requirement, it is not a limitation. Evidence of any number of prior felony convictions may be admitted without *305 committing error. Baker v. State, (1981) Ind., 425 N.E.2d 98. There was no error in denying appellant's Motion for Mistrial on this ground.
Appellant claims the trial court erred in overruling his objection to a question propounded to State's witness William Wagoner during the habitual offender phase of the trial. The witness was asked, relative to investigation and prosecution of one of the prior felonies, if he knew what formal charge was filed against appellant.
First, appellant alleges such testimony constituted an improper attempt to prove a court record and its admission contravened both the "best evidence rule" and the hearsay rule. Appellant contends the only way to prove what charge was filed was to submit a properly authenticated copy of the charge, i.e., the indictment, since the felony conviction was in a federal district court.
The witness Wagoner answered the question: "He was charged with violation of Title 18, Section 2313, United States Code, to the Receipt of Stolen Motor Vehicle." State's Exhibit 48 is a copy of the judgment rendered by the United States District Court for the Southern District of Indiana Evansville Division in the cause in question. The pertinent part of that judgment reads: "[D]efendant upon his plea of guilty ... [to] ... concealing a stolen motor vehicle, stolen from interstate commerce, in violation of Title 18 U.S.C. § 2313 & 2, as charged in the indictment, ...." Thus we see there was no difference in the testimony of the officer and the record of the court. We, therefore, hold no harm accrued to appellant as a result of the officer's answer.
Appellant claims the trial court erred in allowing testimony with regard to one of his prior convictions that he was placed on probation and subsequently suffered a revocation of that probation. We have held evidence of the revocation of probation imposed after conviction for a felony, that felony being one of those supporting the habitual offender allegation, is admissible. Taylor v. State, (1981) Ind., 420 N.E.2d 1231. There is no error here.
Appellant claims the habitual offender statute is unconstitutional, arguing its application is that of an ex post facto law, that it is cruel and unusual punishment, that it contravenes the double jeopardy clause of the Constitution, that it denies the defendant the equal protection of the law, and that it fails to comport with the due process clause of the Constitution by giving the prosecutor unbridled discretion in deciding whom to prosecute under the statute. These arguments have all been rejected by this Court on numerous occasions in the past. Appellant presents no new arguments that persuade us to now hold otherwise. See, e.g., Yager, supra; State v. Williams, (1982) Ind., 430 N.E.2d 756; Funk, supra; Smith v. State, (1981) Ind., 422 N.E.2d 1179; Griffin v. State, (1981) Ind., 415 N.E.2d 60; Ross v. State, (1980) Ind., 413 N.E.2d 252; Eaton v. State, (1980) Ind., 408 N.E.2d 1281; Hall, supra; Norris v. State, (1979) Ind., 394 N.E.2d 144.
Appellant claims the sentence imposed upon him is unconstitutional because it imposes cruel and unusual punishment due to the fact the prior felonies of which he was convicted all involve crimes against property. This argument is meritless. See, Comstock v. State, (1980) Ind., 406 N.E.2d 1164.
Appellant claims the trial court erred in refusing to give his Tendered Instruction No. 5. This instruction set out the elements of the crime of Theft.
The trial court gave its own Final Instruction No. 1, which properly instructed the jury as to the elements of Theft. It is not error to refuse to give an instruction when the subject matter of the instruction is adequately covered by other instructions already given. Powers v. State, (1981) Ind., 431 N.E.2d 799; Lock v. State, (1980) Ind., 403 N.E.2d 1360. There was no error in refusing to give appellant's Tendered Instruction No. 5.
Appellant claims the trial court erred in permitting juror Louis Hoppe to remain on the jury. Appellant was originally charged *306 with the instant offenses along with his son and two other men, Thomas and Richard Blankenship. All the others were eventually severed from appellant's trial. The Blankenships were named at one point as appellant's associates. Midway through the trial, juror Hoppe realized he knew a man named Blankenship. He told the court in a hearing outside the presence of the rest of the jury of this fact. He stated he did not know if the Blankenships named as associates of appellant were related to the Blankenship he knew, and that moreover he did not make any effort to find out if they were related in any way. He unequivocally stated that he had no doubt as to his ability to remain impartial throughout the trial. Appellant claims it was, nevertheless, error to allow juror Hoppe to remain on the jury.
Appellant concedes, and the record shows, after the trial court questioned Hoppe, appellant's attorney did not object to Hoppe remaining on the jury. He nevertheless claims "this issue ... can be raised [because it] was so raised [in] Short's Motion to Correct Error... ."
Appellant is incorrect. Objections relating to the qualification of a juror must be timely made or they are waived. See, Boyle v. State, (1954) 234 Ind. 215, 125 N.E.2d 707.
Appellant claims he was denied the right to a public trial, guaranteed by Article I, §§ 12 and 13 of the Indiana Constitution. Affidavits sworn by various members of appellant's family and also by appellant himself, are attached to the Motion to Correct Error. In the sworn affidavits of Lewann and Matthew Short, and in appellant's own affidavit, it is alleged appellant's friends, neighbors and members of his family were denied access to the trial.
A similar allegation was made in Petro v. State, (1978) 270 Ind. 86, 383 N.E.2d 323, and was supported by an affidavit from appellant's attorney attached to the Motion to Correct Error. We observed:
"This affidavit is insufficient in itself to establish abuse of trial court discretion or prejudice to appellant. Neither the affidavit nor the briefs filed herein set forth specific details of these alleged improprieties. Furthermore, the record does not substantiate any of appellant's allegations. * * * There is nothing in this record to support the allegations of the appellant. There is, therefore, nothing upon which we could base a reversal on these points." Id., 383 N.E.2d at 324.
In the case at bar the same observations may be made. The only evidence in the record of anyone being excluded from the trial is that pursuant to appellant's own Motion to Separate Witnesses potential witnesses were excluded therefrom until they were called. Matthew Short swore in his own affidavit he was not allowed into the courtroom "until the latter part of the trial." The record shows near the end of the trial he was a witness. Appellant cannot gain a reversal on the basis of these wholly unsubstantiated allegations. See, Petro, supra.
Appellant challenges the sufficiency of the evidence to sustain the theft convictions. In a review of the sufficiency of the evidence, this Court cannot reweigh the evidence nor judge the credibility of witnesses. Williams v. State, (1982) Ind., 433 N.E.2d 769. This standard of review does not change where all the evidence of guilt is circumstantial. Ruetz v. State, (1978) 268 Ind. 42, 373 N.E.2d 152.
In the case at bar appellant was charged with violation of I.C. XX-XX-X-X(a) [Burns 1982 Supp.], which provides: "A person who knowingly or intentionally exerts unauthorized control over the property of another person, with intent to deprive the other person of any part of its value or use, commits theft... ."
The evidence in the case at bar is sufficient evidence from which the jury could conclude that beyond a reasonable doubt appellant committed the instant offenses.
We have held the possession of recently stolen property may give rise to an inference the possessor either was the thief or knew the property was stolen. Muse v. State, (1981) Ind., 419 N.E.2d 1302. Appellant *307 challenges the sufficiency of the evidence on the grounds that five weeks elapsed between the taking of the items and the discovery of them in appellant's possession.
It is true where the length of time between the taking of an item and the discovery of the defendant's possession is not "recent," i.e., is "considerable," there must be a showing the defendant's possession during the interval was "exclusive" to permit an inference of guilt of the crime of theft. Muse, supra.
However as the Court of Appeals correctly stated in Morgan v. State, (1981) Ind. App., 427 N.E.2d 1131, 1133:
"In determining whether possession is `recent,' we consider not only the length of time between the theft and the possession but also the circumstances of the case ... and the character of the goods (such as whether they are readily salable and easily portable or difficult to dispose of and cumbersome)."
See also, Ward v. State, (1973) 260 Ind. 217, 294 N.E.2d 796.
Given the bulk and the inherent difficulty in moving the items, it is less likely these goods changed hands often, if at all, during that period of time. The goods taken were peculiarly suited to appellant's own use, given the nature of his business. Thus the showing of the exclusivity of appellant's possession during the five week interval was a reasonable inference for the jury to draw.
Appellant claims the State failed to establish venue in this case. He claims the evidence shows the items taken were stolen in Kentucky, therefore, the proper venue was in Kentucky.
Appellant is incorrect. The applicable statute is I.C. 35-1.1-2-1 [Burns 1979 Repl.]. Subsection (e) of that statute provides: "If the commission of an offense commenced outside Indiana is consummated within Indiana, the offender shall be tried in the county where the offense was consummated." The evidence in the case at bar clearly brings it within the purview of the statute.
Appellant claims the trial court erred in not taking corrective action to admonish the jury to pay close attention to the proceedings. At one point during the habitual offender phase of the trial, appellant's counsel requested the court to admonish some members of the jury he claimed were asleep. The judge indicated he did not feel the jury was at all inattentive. Affidavits from appellant's family and appellant himself contained allegations some jurors were asleep during parts of the trial.
In Williams v. State, (1923) 193 Ind. 670, 674-75, 139 N.E. 657, 658, we held:
"We are justified in disturbing a verdict of guilty on account of the alleged misconduct of a juror, only when it is shown that such misconduct was prejudicial to the rights of the defendant, or when such state of facts is shown that it may fairly be presumed therefrom that the defendant's rights were prejudiced. (Cites omitted.)
"Where the trial court found against the defendant on his allegation of misconduct of the jurors no presumption of injury to the defendant's rights arises and in the absence of this evidence this court will not disturb the verdict and judgment below."
In the case at bar the trial court had two opportunities to consider appellant's allegations and ruled against him both times. Therefore we will not assume prejudice in the absence of a specific showing of the same. Williams, supra. We hold there was no error committed by the trial court in this regard.
Appellant claims the trial court erred in admitting evidence over his relevancy objection. This evidence was entered through the testimony of State's witness Jack Jourdan. Jourdan testified as to appellant's legitimate purchase of a blue truck at some time near the time of the theft of the materials from Kentucky. In detailing the surveillance activities of appellant in the few days before his arrest, Jourdan referred to this blue truck frequently, as it *308 was seen in both Vanderburgh and Posey counties by police.
Assuming arguendo the evidence as to the manner of acquisition of this truck was irrelevant and should not have been admitted, we fail to see how appellant was harmed by the admission of this evidence. In determining whether an error in the introduction of evidence warrants a reversal, it is our duty to assess its probable impact on the jury. Williams v. State, (1981) Ind., 426 N.E.2d 662. In the case at bar it is hard to imagine how the jury's decision was influenced by their knowledge of the manner in which appellant acquired this truck, especially since it was shown its acquisition was by legitimate means. No reversible error was committed here.
Appellant claims the trial court erred in violating a Motion in Limine previously granted to appellant. In this motion appellant had requested the trial court to order the State not to present any evidence as to his commission of the offense of running a stop sign or fleeing a police officer. This motion was granted. At trial an Indiana State Police officer testified as to appellant's attempts to flee from the police who tried to arrest him after the search of the Evansville construction site. This officer stated he and others spotted appellant driving his blue truck apparently headed for Posey County. This occurred a couple of hours after the construction site had been searched on the morning of February 3, 1980. The officer further testified that appellant tried to outrun the officers. When the truck was finally stopped, appellant fled on foot before he was apprehended. Appellant's counsel interposed an objection during this recital on the grounds admission of such evidence violated the Motion in Limine.
First we note a Motion in Limine is only a pre-trial ruling on the admissibility of evidence. Akins v. State, (1981) Ind., 429 N.E.2d 232; Young v. State, (1980) Ind., 409 N.E.2d 579. If error is committed by the trial court in admitting evidence the exclusion of which was sought by a Motion in Limine, the error is in admitting the evidence at trial, not in having previously denied the Motion in Limine. Akins, supra. Thus, if a Motion in Limine is granted and then at trial the court decides to admit the evidence, the error is not in violating the Motion in Limine but in admitting the evidence. Error cannot be predicated on the grounds the trial court is violating the previously granted Motion in Limine.
Moreover, there is no error in admitting the testimony of the officer. The Motion in Limine was directed to excluding evidence of appellant having committed other uncharged offenses, viz, running a stop sign and fleeing a police officer. The testimony of the officer did not reveal appellant's commission of the offense of running a stop sign. At no point did anything the officer say inform the jury that during the chase appellant disobeyed a stop sign. The officer's testimony did inform the jury of the commission of the offense of fleeing a police officer. Evidence of flight may be shown although it is not charged. See, e.g., Armstrong, supra; Parker v. State, (1981) Ind., 425 N.E.2d 628; Porter v. State, (1979) Ind., 397 N.E.2d 269. Evidence the accused tried to avoid arrest is relevant and admissible as circumstantial evidence of guilt. Porter v. State, (1979) Ind., 391 N.E.2d 801; Meredith v. State, (1966) 247 Ind. 233, 214 N.E.2d 385. There was no error in permitting the testimony of the officer.
Appellant claims the trial court erred in admitting hearsay evidence from State's witness Thomas Nelson as to the theft of the trucks along with some building supplies from Nelson Wholesale. Nelson was asked what happened to the trucks, whereupon he replied that he received a telephone call from Mr. Smiley, operations manager for the company, regarding the trucks. Appellant objected when the prosecutor then asked Nelson about what Smiley told him regarding the trucks, the objection being premised on the hearsay rule. The objection was overruled when it was pointed out Smiley was present in the courtroom and was available to testify. Nelson then *309 testified Smiley told him the trucks were missing. Later Smiley testified as to these facts and the substance of this conversation.
We have defined hearsay as in court testimony of an extrajudicial statement made by one not available for cross-examination. Bray v. State, (1982) Ind., 430 N.E.2d 1162; McClain, supra. However, in Patterson v. State, (1975) 263 Ind. 55, 324 N.E.2d 482, we held what would otherwise be hearsay statements are admissible as evidence when the out of court asserter is present in the courtroom and available for cross-examination. There was no error in admitting witness Nelson's testimony.
Appellant claims he was denied the effective assistance of counsel at his trial. He asserts his trial counsel failed to spend adequate time preparing for his case and failed to confer with him during the trial. Appellant states, "Such actions and inaction rendered the trial as a whole a mockery of justice so as to shock the conscience."
There is a strong presumption that an attorney has properly discharged his duties to his client. To overcome this presumption it must be shown what the attorney did or did not do resulted in the trial as a whole being such a mockery of justice so as to shock the conscience of the reviewing court. Dean v. State, (1982) Ind., 432 N.E.2d 40; Rahim v. State, (1981) Ind., 417 N.E.2d 343; Ottman v. State, (1979) Ind., 397 N.E.2d 273. The record shows appellant's counsel filed several pre-trial motions on appellant's behalf; effectively cross-examined witnesses; made numerous objections to questions propounded by the prosecutor during the trial; tendered several jury instructions and objected to several of those given. He also argued vigorously and intelligently in support of his objections. We find the conduct of counsel to be adequate in this case.
Appellant claims the judge trying this case had no authority to do so and hence the proceedings are null and void. He claims the trial judge was not selected as a special judge or a judge pro tempore to try this cause as defined by Criminal Rules 13 and 14, nor did he act as a trial judge in the capacity of a master commissioner as defined in Trial Rule 53.
The record shows this case was tried before the "Master Commissioner" of Vanderburgh County. The issue of his authority to preside at the proceedings is not revealed by the record. However, as suggested by the State, it appears his authority was grounded in I.C. XX-X-X-XX.1 et seq. [Burns 1982 Supp.], a portion of which, I.C. XX-X-X-XX.2(b), we declared unconstitutional in State ex rel. Smith v. Starke Circuit Court, (1981) Ind., 417 N.E.2d 1115. The record also shows appellant never raised any objection to the Master Commissioner's authority to try this case until this appeal began.
We faced a similar situation in Gordy v. State, (1974) 262 Ind. 275, 315 N.E.2d 362. In that case we observed there was a difference between an appeal based on a trial court's lack of subject matter jurisdiction to try a case and one based on an objection to the role of the party acting as "judge" or "commissioner" of that court. Lack of subject matter jurisdiction may be raised as reversible error for the first time on appeal. Id. But in the Gordy case and in this case, the appellant's objection is not that the court lacked subject matter jurisdiction to hear the case, but rather that the presiding authority in the court had no authority to so act. We went on in Gordy, supra, at 283, 315 N.E.2d at 362, to hold as follows:
"Even if the Commissioner's authority was improper in this case (a proposition we need not address in this appeal), Defendant's conviction may not be set aside. The Commissioner did not merely usurp this authority and set up a mock court. He heard the case in the Lake Criminal Court, which clearly had jurisdiction over the subject matter as well as over the person of Defendant. The Commissioner was acting as judge, a duty he clearly may assume under the statute if his appointment is procedurally correct. Both parties submitted to his authority as a judge and neither questioned this authority until this appeal was initiated. Thus, *310 he was operating under color of authority, and served as judge de facto if not as judge de jure. His authority as a judge de facto may not be raised on appeal for the first time. (Cites omitted.)"
This reasoning is applicable in the case at bar. Appellant tendered no objection to the authority of the Master Commissioner in this case to perform the functions of the trial judge until initiation of this appeal; hence any claim of error based on an allegedly improper assumption of authority is waived.
Appellant alleges the trial court erred in combining Counts II and III into the one-count information already filed because no oral or written motion was filed with the court to so amend the information. However, appellant failed to raise this alleged error in the Motion to Correct Error. We therefore deem the issue waived. Hooks, supra; Lynn, supra.
Appellant alleges his warrantless arrest in Posey County was unconstitutional because the arresting officers lacked sufficient probable cause to make the arrest. However, we find, as was true with the previously claimed error, this alleged error was never presented to the trial court in the Motion to Correct Error and is therefore also waived. Id.
Appellant claims "plain error" occurred at trial in that no presentence investigation report is a part of the record in contravention of I.C. 35-50-1A-9 [Burns 1979 Repl.]. The statute only requires the report be prepared and used by the judge. In Hinton v. State, (1979) Ind., 397 N.E.2d 282, there was no copy of the presentence investigation report in the record. We found in the transcript of the sentencing hearing evidence the judge had the report before him. In this case the record reflects on October 23, 1980, the report was filed with the court, was modified in accordance with appellant's motion to delete references to certain charges against appellant dating back to 1965. This is sufficient evidence to indicate I.C. 35-50-1A-9 was complied with by the trial court.
Appellant also alleges "plain error" in the repetitive introduction of irrelevant and prejudicial testimony, and in the holding of a bifurcated trial. There is no discussion of these alleged errors in appellant's brief at all. We deem these issues waived under Ind.R.App.P. 8.3(A)(7).
We remand this cause to the trial court for the correction of the sentence as it regards the habitual offender status. The trial court is in all other things affirmed.
HUNTER, PRENTICE and PIVARNIK, JJ., concur.
DeBRULER, J., concurs in result.