William DOUGLAS, Appellant,

v.

STATE of Indiana, Appellee.

No. 983 S 334.

Supreme Court of Indiana.

June 11, 1984.

Frederick T. Work, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of involuntary manslaughter, a Class C felony, and attempted voluntary manslaughter, a Class B felony. He was sentenced to consecutive terms of imprisonment of five (5) years and sixteen (16) years respectively.

The facts are: Appellant lived with Cozette Kibler, her son Anthony Kibler and her nephew Kenneth Butts in Gary, Indiana. On the morning of April 18, 1982, an argument ensued between appellant and Cozette, in which Anthony interceded on his mother's behalf.

As the argument progressed, appellant retrieved his shotgun from a closet. He hit both Cozette and Anthony with the weapon. Anthony went into his bedroom, while his mother and appellant continued to argue. When Anthony reappeared, he approached appellant and told him not to hit his mother again. Appellant shot Anthony at close range, killing him.

Appellant also wounded Cozette, who fled from the house. Appellant stepped onto the porch and reloaded the shotgun. He pursued Cozette into the street, where they wrestled over the weapon. At this point an off-duty police officer, who lived across the street, intervened and subdued appellant.

Appellant's first allegation of error centers on the trial court's denial of his motion to sever the offenses. He contends the shootings were separate and distinct acts, involving distinguishable intents and different defenses.

A defendant's motion to sever is controlled by Ind.Code § 35–34–1–11(a) [Burns 1983 Supp.]:

"35–34–1–11. Severance of offenses—Severance of defendants.—(a) Whenever two [2] or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:

(1) The number of offenses charged;

(2) The complexity of the evidence to be offered; and

(3) Whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense."

When not available as a matter of right, severance of charges for trial is a matter for the trial court's discretion. *Grimes v. State,* (1983) Ind., 454 N.E.2d 388; *Duncan v. State,* (1980) Ind., 409 N.E.2d 597. In the instant case we find no abuse of that discretion.

The two joined offenses were based upon appellant's actions during the course of the argument. *See* Ind.Code § 35–34–1–9(a)(2) [Burns 1983 Supp.] (Joinder of offenses). Appellant shot and killed Anthony, wounded Cozette, and pursued her as she left the house. These were clearly a continuous series of acts. Appellant alleges that he shot Anthony in self-defense, then stepped outside and fired into the porch steps to scare Kenneth Butts and gain his exit from the house. Even accepting appellant's version of the incident, we cannot agree that his stepping out of the house, and firing the shotgun to deter Kenneth, would create a separate and distinct offense.

The trial court pointed out that even if the offenses were severed, all of the evidence would have been admissible at each trial. In *Willard v. State*, (1980) 272 Ind. 589, 400 N.E.2d 151, we found that evidence of any of the crimes involved constituted evidence of the entire transaction; thus it could not be said that the evidence was too complex or that submitting all the charges to the same jury at the same time would cause confusion. Similarly, the offenses here were so closely connected that a single trial on both counts did not deny appellant a fair determination.

Appellant next contends that police negligence in failing to obtain material evidence abridged his due process rights under Article I, § 12 of the Indiana Constitution and the Fourteenth Amendment of the United States Constitution. He alleges that he was harmed by the absence of evidence which was necessary for the jury to appreciate the imminent danger which he faced.

The evidence in question was a steel bar. Appellant testified that Anthony held the bar in a threatening manner; conversely, Cozette testified that she, not Anthony, held it during the argument. The officer in charge of the investigation did not take possession of the bar the day of the shootings. He returned to the scene the next day to retrieve the bar, but could not gain access to the house.

■ Negligent or intentional withholding or destruction of material evidence by the police may present grounds for reversal. *Rowan v. State*, (1982) Ind., 431 N.E.2d 805; *Birkla v. State*, (1975) 263 Ind. 37, 323 N.E.2d 645. Here, there is no showing of negligent or intentional withholding of the bar, which apparently was never in the investigating officer's custody. Further, there is no reason presented why appellant's counsel could not have procured, or at least attempted to procure, the evidence. "It is not the duty of the prosecution to bear the burden of assembling the defense counsel's evidence." *State v. Wright*, (1978) 267 Ind. 590, 593, 372 N.E.2d 453, 455. We also note that the missing evidence was cumulative. The bar was preserved photographically, and testimony describing the bar was elicited. The absence of the physical evidence does not present grounds for reversal.

Appellant next contends the trial court abused its discretion in enhancing his sentence and in ordering that his sentences be served consecutively. He argues that the sentencing was based upon "mere impressions and conclusions" and was imposed to compensate for what the court believed to be an "erroneous verdict."

■ While the judge is vested with broad discretion in sentencing, he must act within statutorily prescribed limits. *Barnett v. State*, (1981) Ind.App., 414 N.E.2d 965. The judge must set forth particularized findings supporting any aggravating or mitigating circumstances when a departure from the fixed term is made. *Wilson v. State*, (1984) Ind., 458 N.E.2d 654; *Farina v. State*, (1982) Ind., 442 N.E.2d 1104.

■ Appellant received the presumptive sentence of five years for Count I. Ind. Code § 35–50–2–6 [Burns 1979 Repl.]. The presumptive sentence for Count II was ten years, to which the judge added six years. Ind.Code § 35–50–2–5 [Burns 1979 Repl.]. The record reveals the judge made adequate and particularized findings to support the aggravating circumstances.

The judge found appellant was in need of correctional rehabilitative treatment best provided by commitment to a penal facility.

He further found that a reduced sentence would depreciate the seriousness of the crime, in that the crime was committed subsequent to the wrongful killing of another human being. In describing the nature and circumstances of the crime, he noted that this was not a case in which appellant fired once or twice in a stream of events, but instead pursued Cozette outside the house and left Anthony mortally wounded inside.

The judge also ordered that appellant's sentences be served consecutively. He acted well within his discretion in doing so, as the same circumstances will support both enhancement of a sentence and an order that sentences be served consecutively. "A court may, upon consideration of relevant facts and information, increase the basic penalties, impose consecutive sentences or both." *Humes v. State*, (1981) Ind., 426 N.E.2d 379, 384. The sentences imposed in the instant case are not manifestly unreasonable. Ind.R.App.Rev.Sen. 2.

Appellant further alleges error in the admission of a photograph of the body of the decedent, claiming it was unduly gruesome and inflammatory, and introduced by the State to provoke a reaction from the witness and unduly prejudice the jury against him.

The decision to admit photographic evidence rests with the trial judge, and will be reversed only upon the showing of an abuse of discretion. *Loy v. State*, (1982) Ind., 436 N.E.2d 1125; *Crane v. State*, (1978) 269 Ind. 299, 380 N.E.2d 89. The exhibit was introduced to reinforce Cozette's testimony that Anthony held an ashtray, and not the steel bar as alleged by appellant. It was the only photograph depicting the ashtray. We find no abuse of discretion in the admission of the photograph, which was relevant to the issue of self-defense and explanatory of testimony from the witness stand. *See Epps. v. State*, (1977) 267 Ind. 177, 369 N.E.2d 404; *Ball v. State*, (1980) Ind.App. 406 N.E.2d 305.

Appellant finally contends the trial court erred in admitting testimony of a prior threat made by him against the victims. The testimony was that appellant had verbalized his intent to kill Cozette and Anthony during an incident which occurred several weeks prior to the crimes for which he was convicted.

 Evidence is relevant if it tends to prove an element of the charge. *Wilson v. State*, (1982) Ind., 432 N.E.2d 30. The trial court has broad discretion in ruling on the relevance of such evidence. *Id.; Turpin v. State*, (1980) 272 Ind. 629, 400 N.E.2d 1119. The testimony concerning a prior threat was probative on the issue of intent. We find no abuse of discretion in the court's admitting of the testimony.

The trial court is in all things affirmed.

All Justices concur.