Emmett DALTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 685S233.

Supreme Court of Indiana.

March 2, 1987.

Ray Warren Robison, Bedford, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from conviction by a jury of one count of criminal confinement, for which appellant received a sentence of twenty (20) years.

Appellant raises two issues on appeal: (1) whether the trial court erred in overruling appellant's motion for mistrial; and (2) whether the trial court erred in giving State's tendered Instruction Number 3 over his objection.

These are the facts from the record which tend to support the determination of guilt. On September 12, 1984, two Lawrence County police officers responded to a call regarding a suspicious vehicle at a vacant house. The officers entered the darkened house and appellant appeared and held a gun on one officer. The officer identified himself as a police officer. Appellant knew he was confronted by a police officer, but nevertheless ordered the officer to leave, or appellant would shoot him. The officers exited the house, and subsequently heard the other car start but then could not locate appellant, and had the oth-er car impounded. The car was later removed without authorization from the impound lot and then reported stolen. On September 17, 1984, police observed the missing car and apprehended appellant as he fled from the car. A gun matching the description of the one appellant used to threaten the officer on September 12, 1984, was found the next day approximately thirty (30) feet from the place at which appellant was apprehended.

### I

Appellant asserts the trial court erred in overruling his motion for mistrial following introduction by the State of evidence linking the gun in question to a 1982 burglary.

During direct examination of State's witness Officer Green, the following occurred:

Q. Were you able to determine the ownership of the gun?

A. Yes sir. After taking it back to the station we ran a number on the computer, make and so forth, and found it had been stolen in a burglary, I believe it was in the eight month of '82, from a Lee Carr residence, would be on the east side of Mitchell.

Appellant moved for a mistrial alleging this testimony was an highly inflammatory evidentiary harpoon and improper evidence of a prior uncharged criminal act. The motion for mistrial was overruled following argument outside of the presence of the jury. The State then indicated it would not object to striking a portion of the comment and the jury receiving an admonishment. The trial judge responded to this suggestion by the State and said she did not wish to draw attention to the statement and did not feel the State had made a connection between the burglary and the appellant. Appellant at no time requested an admonishment be given to the jury.

The standard to be applied in determining whether an impropriety occurring during the course of the trial necessitates a granting of a mistrial is whether the appellant was placed in a position of grave peril to which he otherwise would

not have been subjected. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843; *White v. State* (1971), 257 Ind. 64, 272 N.E.2d 312. Whether the defendant has been subjected to grave peril is determined by the probable persuasive effect of the testimony on the jury's decision. *Maldonado, supra.* The declaration of a mistrial is an extreme action and is warranted only when no other action can be expected to remedy the situation. *Gambill v. State* (1982), Ind., 436 N.E.2d 301.

Given the clear and present danger which the use of this loaded gun posed to another human being, the impingement on the appellant's substantial rights from the jury's knowledge of the gun's stolen character is insufficient to warrant the granting of a mistrial. This harpoon falls within the category in which there is a harm curable by an admonishment in light of the disparate differences between the implied and the charged crime. *Page v. State* (1980), 274 Ind. 264, 410 N.E.2d 1304. *Ballard v. State* (1974), 262 Ind. 482, 318 N.E.2d 798. Here, there was no request for an admonishment and it is incumbent upon the injured party to request an admonition to cure the complained of harm. Since no request was made, there was no error on the part of the trial court in failing to admonish the jury.

## II

Appellant asserts the trial court erred in giving State's tendered Instruction Number 3 which reads as follows:

> Avoidance of arrest by the defendant may be considered by you as evidence of guilty knowledge and upon the issue of guilt of the defendant.

Appellant argues that the tendered instruction unduly focused the jury's attention on the flight of the appellant. There was evidence admitted concerning other offenses committed by the appellant and appellant contends the jury may have considered his possible flight from prosecution on these other offenses rather than focusing solely on the crime charged.

Flight from the scene of the crime is sufficient to warrant an instruction on flight. *Taylor v. State* (1984), Ind., 469 N.E.2d 735; *Lindley v. State* (1981), Ind., 426 N.E.2d 398. The evidence showed appellant started the car and attempted to drive away, then abandoned the vehicle and could not thereafter be located. Since the evidence indicated flight following the confinement, and appellant concedes the instruction is a correct statement of the law, the instruction was proper. It stated evidence of flight *may* be considered evidence of guilt and it was the province of the jury to determine whether appellant intended to flee from the crime charged or some other offense. The trial court did not err in giving State's tendered Instruction Number 3.

The conviction is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.