Wendell **MOORE**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 45S00–8811–CR–927.

Supreme Court of Indiana.

Oct. 27, 1989.

Albert Marshall, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Public Defender, Indianapolis, for appellee.

PIVARNIK, Justice.

Following a jury trial in the Lake Superior Court, Defendant–Appellant Wendell Moore was found guilty of Robbery, a Class A felony, for which he received a term of thirty-five (35) years, and Resisting Law Enforcement, a Class D felony, for

which he received a term of four (4) years, said terms to run concurrently.

Two issues are presented for our review in this direct appeal:

1. denial of Defendant's Motion for Severance of the counts charging Robbery and Resisting Law Enforcement; and,

2. denial of Defendant's Objection to Final Instruction No. 9.

The facts most favorable to the State show that on December 19, 1987, Moore entered and robbed a Clark Service Station in East Chicago, taking approximately three thousand five hundred dollars ($3,500). Maria Martinez, an attendant at the station, testified that Moore committed the robbery and beat her in the perpetration of it. Russell Blovas testified that he was present at the station, witnessed the robbery and the assault on Miss Martinez, and he himself was physically assaulted by Moore during the robbery.

About three days later, on December 22, 1987, police officer Slivko attempted to arrest Moore for the robbery and Moore attempted to flee from him. Officer Slivko testified he was physically assaulted by Moore and Moore had to be physically subdued before he could be placed in the squad car pursuant to his arrest.

Moore presented two alibi witnesses who testified he was at another place at the time this incident occurred.

I

■ Moore moved to sever the two counts for purposes of trial and that motion was denied. The applicable Indiana Code sections, IC 35–34–1–9, 35–34–1–10 and 35–34–1–11, provide in pertinent part, as follows:

[35–34–1–9(a)(2)] Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

. . . . .

are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

\* \* \* \* \* \*

[35–34–1–10(b)] When a defendant has been charged with two (2) or more offenses in two (2) or more indictments or informations and the offenses could have been joined in the same indictment or information under section (9)(a)(2) of this chapter, the court, upon motion of the defendant or the prosecuting attorney, or on its own motion, shall join for trial all of such indictments or informations unless the court, in the interests of justice, orders that one (1) or more of such offenses shall be tried separately. Such motion shall be made before commencement of trial on either of the offenses charged.

\* \* \* \* \* \*

[35–34–1–11(a)] Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:

(1) the number of offenses charged;

(2) the complexity of the evidence to be offered; and

(3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

These code sections have been interpreted to provide that a defendant has an absolute right to severance of offenses only if they are joined solely on the ground that they are of the same or similar character. In all other cases, severance is within the sound discretion of the trial court, and should be granted whenever the "court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense." *Douglas v.*

*State* (1984), Ind., 464 N.E.2d 318, 319–20; *Grimes v. State* (1983), Ind., 454 N.E.2d 388, 389–90; IC 35–34–1–11(a).

The two counts of robbery and resisting arrest were not joined on grounds that they were of the same or similar character. They obviously were joined because they were based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan pursuant to IC 35–34–1–9(a)(2). Therefore, Moore had no absolute right to severance. It was within the trial court's discretion to determine whether severance of the offenses was proper. *Douglas, supra; Grimes, supra.* The trial court needed to take into consideration the number of offenses charged, the complexity of the evidence to be offered, and whether the trier of fact would be able to distinguish the evidence and apply the law intelligently as to each offense. IC 35–34–1–11(a). Appellant points out no such complexity here nor do we detect any. The fact the jury might be influenced by damaging testimony showing the commission of both crimes does not necessarily warrant severance where, as here, both crimes are connected by a continuous series of acts, and at least a substantial amount of the evidence of both would be presented in the trial of either. No reversible error is presented in the trial court's denial of severance.

## II

■ Defendant objected to the trial court's giving of Final Instruction No. 9 which stated:

> Evidence of actions calculated to avoid arrest though not proof of guilt, are evidence of consciousness of guilt and are circumstances which may be considered by you in connection with all other evidence.

It is well established that it is proper to give an instruction on flight when evidence of flight has been adduced at trial. *Dalton v. State* (1987), Ind., 504 N.E.2d 568, 570. Moore claims the giving of Final Instruction No. 9 caused the jury to focus on his actions on December 22 rather than on December 19, when the robbery occurred.

This, Moore claimed, would confuse the jurors and cause them to find him guilty of robbery on December 19 based on his conduct on December 22. We fail to see merit to this contention. The instruction is carefully worded as to Moore's actions following the robbery that might have a tendency to show consciousness of guilt and an attempt to avoid the consequences. The evidence did show that when police officers attempted to arrest Moore for this robbery three days after its commission, he resisted such attempts at arrest and attempted to flee. Accordingly, the instruction was properly given.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents in part and concurs in part with separate opinion.

DeBRULER, Justice, dissenting and concurring.

I would affirm appellant's conviction for resisting law enforcement, but reverse the conviction for robbery. The evidence presented at the trial supporting the giving of Final Instruction No. 9 was the conduct of appellant in attempting to fight off Officer Slivko inside the Ridge Bar three days after the robbery, after Slivko asked appellant to step outside to talk. There was no evidence that appellant attempted to avoid arrest or capture after robbing the store that would support giving the instruction. Slivko knew that there was a warrant for appellant's arrest for the robbery; however, Slivko said nothing about the warrant for robbery until after appellant started wrestling to get out of his grasp, while moving toward the door of the bar. Instruction No. 9 stated that "[e]vidence of actions calculated to avoid arrest" was evidence of a consciousness of guilt. In my opinion, the natural and most probable reading of the instruction is that it encouraged the jury to consider appellant's violent resistance to capture in the Ridge Bar as evidence of his consciousness of guilt of the robbery. For this purpose, the evidence

was simply irrelevant and did not support the instruction.

In *Dalton v. State* (1987), Ind., 504 N.E.2d 568, cited in the majority opinion, the defendant sped away in his car from the scene of his crime to avoid arrest by officers whom he had attacked. There the evidence was clearly relevant. Here, by contrast, the evidence of appellant's resistance to arrest did not tend to connect him to the previous robbery. There was no hot pursuit from a crime scene. *Cf. Wilson v. State* (1983), Ind., 455 N.E.2d 1120; *Short v. State* (1982), Ind., 443 N.E.2d 298. Slivko did not mention the warrant for arrest for robbery until after appellant's resistance commenced. The evidence of appellant's conduct at the robbery scene was that he simply left after committing the crime. Under the circumstances, appellant's resistance to capture did not reveal a consciousness of guilt of the previous robbery.