132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Wendell R. MOORE, Petitioner-Appellant,
v.
Al. C. PARKE, Respondent-Appellee.
 No. 96-3024.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 24, 1997*
December 5, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 3:96-cv-0093 AS Allen Sharp, Judge.
 
 
 1
 Before Hon. JOHN L. COFFEY, Circuit Judge Hon. FRANK H. EASTERBROOK, Circuit Judge Hon. MICHAEL S. KANNE, Circuit Judge Appeal from the United
 
 Order
 
 2
 Wendell Moore gave the district court 13 reasons why (in his view) he is entitled to a writ of habeas corpus under 28 U.S.C. § 2254. Following the decisions of the state courts, see Moore v. State, 545 N.E.2d 828 (Ind.1989); Moore v. State, No. 45A05-9507-PC-262 (Ind.App. Nov. 29, 1995), the district judge held that the first 11 were forfeited when they were not presented on direct appeal. The only potential "cause" for this procedural default would have been ineffective assistance of counsel, but Moore's effort to impugn his lawyer's adequacy failed because he did not make a record sufficient to permit review of an ineffective-assistance claim. Having forfeited not only the principal 11 claims but also the only way of avoiding the effect of this forfeiture, Moore is limited to his remaining 2 theories, the district court held. Moreover, the district court concluded, Moore's evidentiary hearing in state court--an opportunity he did not put to good use (he did nothing but introduce a transcript of the original proceedings)--precludes him from obtaining an evidentiary hearing in federal court even under the law preceding the Antiterrorism and Effective Death Penalty Act (which does not apply to this case). We agree with these conclusions and need not recite the district court's reasoning at greater length.
 
 
 3
 What remain for decision are the two contentions Moore presented to the state courts. One is that the jury instructions improperly permitted the jury to use his resistance to arrest (and attempted flight) as evidence demonstrating consciousness of guilt on a charge of robbery. What is wrong with such an instruction eludes us. The Supreme Court of Indiana held that it is proper as a matter of state law, see 545 N.E.2d at 830, and the inference is standard in federal prosecutions as well. It does not violate any established rule of constitutional law, and we are not authorized to devise new rules on collateral attack. See Teague v. Lane, 489 U.S. 288 (1989).
 
 
 4
 Moore's other (preserved) argument is that the charges of robbery and resisting arrest should have been severed. Once again, this contention depends on state law--and the Supreme Court of Indiana held that there had been no error, 545 N.E.2d at 829-30--rather than any clearcut rule of federal law. The constitutional norm is that joinder violates the residual fair-trial obligation of the due process clause if it produces such overwhelming prejudice that a jury could not distinguish guilt from innocence. Biskup v. McCarthy, 20 F.3d 245, 249 (7th Cir.1994). Such cases are rare as hen's teeth; this is not one.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)