Tyrone J. JACKSON, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 45S00–8601–CR–104.

Supreme Court of Indiana.

Feb. 2, 1988.

Scott L. King, Appellate Division, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Tyrone Jackson was tried before a jury and convicted of robbery, a class A felony, Ind. Code § 35-42-5-1 (Burns 1985 Repl.). The trial court sentenced him to twelve years imprisonment. On direct appeal, Jackson challenges the trial court's denial of two motions for mistrial.

The evidence at trial showed that the victim was robbed while leaving a Lake County liquor store. A tall, dark young man wearing a black leather coat held the door for her as she left. He followed her into the parking lot, grabbed her purse and wrenched it from her grasp, throwing her to the pavement. The victim suffered scraped shins and bruised ribs. She saw the man in a black leather coat walk rapidly away. She was unable to identify her attacker. A clerk at the liquor store identified Jackson, whom she had known for approximately ten years, as the man who held the door for the victim.

A few days after the robbery, Jackson's parole officer attempted to contact Jackson and spoke to his sister. The officer told her that Jackson should come to his office and bring the contents of the purse. That evening, an unidentified female telephoned the victim to say that her stolen possessions were in the front yard. Some of the stolen items were recovered from a bag found in her yard.

Before any evidence was presented, counsel and the court discussed the testimony of the parole officer. It was decided that he would be referred to as a "law enforcement officer" to preclude knowledge of Jackson's status as parolee. The court entered an oral order *in limine* prohibiting evidence of Jackson's parole status.

The first motion for mistrial arose during the state's direct examination of the victim. The prosecutor asked the victim if she had received any of her property back. In response, the victim said, "His parole, can I ..." Defense counsel immediately moved for a mistrial, arguing that mention of the word parole indicated to the jury that Jackson had a prior criminal history.

The trial court admonished the jury that the answer was stricken and should not be considered. The jurors indicated that they could disregard the statement. The motion for mistrial was denied. Later, another witness testified without objection that Jackson was arrested after leaving his parole officer's office.

The second motion for mistrial occurred when the defense called Jackson's girlfriend as an alibi witness. During cross-examination, the State attempted to demonstrate her bias in favor of the defendant. The prosecutor pointed out the relationship between Jackson and the witness by questioning her about visiting Jackson. The following exchange took place:

Q: How were you in contact with Mr. Jackson?

A: I went down to city jail and saw him the day after he was arrested.

Q: And have you been in contact with him after he's been brought out to the county?

A: Yes.

Q: How often do you visit him?

A: Almost every week.

Defense counsel again moved for a mistrial, indicating that he believed an admonition would not cure the prejudice which arose from the witness' statement. The trial court denied mistrial motion and did not admonish the jury.

Jackson now argues that the trial court erred in denying his motions for mistrial. Decisions concerning requests for mistrial are committed to the sound discretion of the trial court. Its ruling will be reversed only for an abuse of discretion. *Coleman v. State* (1986), Ind., 490 N.E.2d 325.

The standard applied in determining if a mistrial is necessary is whether the appellant was placed in a position of grave peril to which he would not otherwise have been subjected. The gravity of the peril is determined by the probable persuasive effect of the testimony on the jury's decision. A mistrial is an extreme sanction warranted only when no other cure can be expected to remedy the situation. *Dalton v. State* (1987), Ind., 504 N.E.2d 568.

Jackson argues that the reference to parole suggested to the jury that he had a prior criminal history. Generally, the admission of evidence of prior criminal history is error. *Coleman,* 490 N.E.2d at 328. Here, however, the reference was fragmentary and inadvertent. There was no attempt by the prosecutor to elicit the information. Such damage as occurred to the defense did not warrant a mistrial.

Jackson also argues that evidence of his pre-trial incarceration indicated to the jury that he was "either too poor or too dangerous to be permitted his freedom pending trial." We think it unlikely that the jury was so familiar with the criteria for setting bond as to arrive at such conclusions. Where Jackson slept as he awaited trial is not probative of guilt or innocence, and thus a mere passing mention of it cannot be regarded as affecting the jury's determination.

Given the strength of the evidence against Jackson, the probable persuasive effect of both these occurrences on the jury's decision is minimal. The evidence was not so close that the jury could have been influenced by the error. *Compare, English v. State* (1985), Ind., 485 N.E.2d 93. The trial court properly denied both motions for mistrial.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.