**Ollie Lee JERNIGAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A04–9206–CR–212.

Court of Appeals of Indiana, Fourth District.

April 28, 1993.

Transfer Denied June 16, 1993.

Marianne L. Vorhees, Special Public Defender, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Ollie Lee Jernigan appeals his conviction for possession of cocaine with intent to deliver, a class A felony. IND. CODE 35–48–4–1(a)(2)(C).

We affirm.

Jernigan presents three issues for our review:

1. whether the trial court erred in admitting into evidence the contents of two telephone calls made to the Muncie Post Office;

2. whether the trial court erred in admitting evidence of a prior mail package delivery to his residence; and

3. whether the evidence was sufficient to support his conviction.

On the evening of March 16, 1991, Kenneth Elsesser, a United States postal inspector assigned to the Los Angeles area, received notice of a suspicious parcel addressed to Ollie Jernigan at 2208 North Macedonia in Muncie, Indiana. Inspector Elsesser asked for assistance from the Los Angeles Police Department. Two police officers met with the postal authorities and brought the department's narcotics sniffing dog to examine the parcel. The dog reacted positively for the presence of drugs. The next day after doing a background check, Elsesser discovered the sender's address in Los Angeles did not exist.

After obtaining a federal search warrant, Elsesser opened the package and found it contained a white powdery substance. He took approximately two ounces of the powder and retained it for analysis. He then re-wrapped the package, put it in an express mail bag, and sent it on to Indianapolis. He then alerted William Coan, a postal inspector in Indianapolis, of the package's pending arrival and what it contained.

The package arrived in Indianapolis on March 19, 1991. Coan opened it, weighed the powder, removed 200 of the 205 remaining grams, and mixed the remaining five grams with cake mix to simulate the original amount of cocaine. He then contacted the Muncie Police Department to set up a controlled delivery. With its help, Coan placed an electronic transmitter inside the package and re-wrapped it.

At approximately 6:30 p.m. that evening, postal inspector Eldon Hartman, wearing a mailman's uniform and monitoring device, arrived at Jernigan's residence to deliver the package. Jernigan came out to meet him. After he identified himself as Ollie Jernigan, he told Hartman he had been waiting for the package. Hartman asked Jernigan to sign the receipt, gave him the package, and returned to his car. Shortly thereafter, Jernigan left his residence with the package and drove rapidly away. Police officers monitoring the delivery stopped Jernigan four blocks from his home. They found the unopened package in the front seat of the vehicle. The officers then took Jernigan into custody.

Subsequently, the postal inspectors obtained a federal warrant to search Jernigan's house and found various items of drug paraphernalia. The lab analysis of the seized white powder revealed it was cocaine with a street value of approximately $20,000 or about $100,000 if sold as crack.

The State charged Jernigan with possession of cocaine with intent to deliver. After a two day trial, the jury returned a guilty verdict. Jernigan now appeals his conviction.

Jernigan first contends the trial court erred in admitting into evidence the contents of two telephone calls made to the Muncie Post Office on March 18. He claims the State failed to authenticate the identity of the person who made the phone calls.

For evidence of a telephone conversation to be admissible the identity of the participants in the conversation must be established. *King v. State* (1990), Ind., 560 N.E.2d 491, 495, *reh. denied*. One party to the conversation may identify the voice of the other party to the conversation if he is familiar with the other party's voice. *Parrish v. State* (1987), Ind., 515 N.E.2d 516, 520. If the voices cannot be so identified however, circumstantial evidence may suffice to identify the parties. *Lock v. State* (1991), Ind., 567 N.E.2d 1155, 1159, *cert. denied*, —— U.S. ——, 112 S.Ct. 1686, 118 L.Ed.2d 400; *Ashley v. State* (1986), Ind., 493 N.E.2d 768, 774. Evidence a caller possessed knowledge of certain facts only a particular person would be likely to

know can be sufficient authentication. *Lock*, 567 N.E.2d at 1159.

▮ Even though the postal worker was not familiar with Jernigan's voice, the State presented circumstantial evidence which established the foundational requirement. Postal supervisor Fred Simmons testified while working at the Muncie Post Office on the evening of March 18, 1991, he received two telephone calls from a person identifying himself as Ollie Jernigan. In the first call, the caller asked if an overnight express mail package from Los Angeles had arrived for him. Simmons checked under the name "Jernigan" but did not find the package. The caller then asked when he could expect it to arrive, and Simmons told him the next truck would be in at 9:15 p.m.

▮ Later at approximately 7:30 p.m., Simmons received a second call. The caller again identified himself as Ollie Jernigan and asked about the package. This time the caller sounded more emotional and concerned. Simmons told the caller the truck had not yet arrived and assured him when it did, he would make every effort to see it was delivered as soon as possible. The caller stated his address was 2208 Macedonia Avenue and gave the express mail package identification number. This number is unique to each express mail label and is something the recipient would not generally know because only the sender had that number. Simmons opined the voice sounded like the voice of a black male. The defendant was a black male. The calls were made locally. As corroboration of this evidence, when the package was delivered to Jernigan he told the postal delivery man he had been waiting for the package. This evidence is sufficient to establish the caller possessed knowledge of certain facts only the person to whom the package was

addressed would know. The caller's identity need not be proved beyond a reasonable doubt, and any conflicts or doubts in the proof of the caller's identity go to the weight of the evidence and not its admissibility. *Davis v. State* (1992), Ind., 598 N.E.2d 1041, 1050, *reh. denied.* Thus, the trial court did not err in admitting that evidence.

Jernigan claims the trial court also erred by admitting into evidence a mailing label which had been attached to a package delivered to his residence on March 6, 1991. The court admitted the mailing label under the business record exception to the hearsay rule. At trial Jernigan objected to the admission of the mailing label, claiming the evidence was irrelevant and immaterial. In his objection, he also argued the State failed to provide a proper foundation for its admission as a business record. He claimed the State did not present any evidence to show what type of package the mailing label was attached to or what was in the package; thus, it did not connect the mailing label to this case.[1]

▮ A general objection stating evidence is irrelevant and immaterial is too general to preserve any claim of error unless further explanation is given as to the prejudicial effect of such testimony. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 491.

▮ Furthermore, even if offered evidence is only marginally relevant, it is within the sound discretion of the trial court to determine its admissibility. *Patel v. State* (1989), Ind., 533 N.E.2d 580, 584. If the evidence only inconclusively connects the defendant with the crime, its inconclusiveness goes to the weight, not the admissibility, of the evidence. *Moore v. State* (1990), Ind.App., 551 N.E.2d 459, 462. Evidence is

---

1. On appeal Jernigan claims the evidence is inadmissible because it is evidence of an extrinsic offense. He is correct in maintaining evidence of uncharged crimes or misconduct is generally inadmissible if its sole relevance is to show the defendant's general character is bad and he therefore, has a tendency to commit crimes. *Byrd v. State* (1991), Ind.App., 579 N.E.2d 457, 465, *reh. denied, rev'd in part* on other grounds 593 N.E.2d 1183. However, the receipt of an express mail package does not constitute a bad act for the purposes of the general rule enunciated. *See Green v. State* (1992), Ind., 587 N.E.2d 1314, 1317; *Wright v. State* (1977), Ind., 363 N.E.2d 1221, 1227, *reh. denied.* Furthermore, Jernigan did not assert this objection at trial and thus, has waived the issue. A defendant must object to the admission of challenged evidence when offered at trial and specify the grounds upon which the objection is premised. *Wilson v. State* (1993), Ind.App., 606 N.E.2d 1314, 1318, fn. 4.

relevant if it is material to an issue in the case and tends to make an inference more probable. *Id.* We accord the trial court wide latitude when determining the relevancy of evidence. We review such issues only for abuse of discretion. *Taylor v. State* (1992), Ind., 587 N.E.2d 1293, 1300, *reh. denied.*

■ Postal inspector Cernelich's testimony laid the foundation for the mailing label's admission into evidence. He testified the mailing label had been attached to a package weighing one pound, seven ounces which was mailed from Los Angeles, California, on March 5, 1991. The label showed the package was addressed to Ollie Jernigan, 2208 North Macedonia, Muncie, Indiana, and was delivered on March 6, 1991, at 11:20 a.m. The receipt was signed "Ollie Lee Jernigan." Cernelich stated he found the return address on that label did not exist in Los Angeles. Although the State did not present an exact description of the March 6 package or its contents, that issue goes only to the weight of the evidence, not its admissibility as discussed above. *Moore, Taylor, supra.* A sufficient foundation was laid for the admission of the mailing label into evidence. The mailing label was relevant since it related to Jernigan's knowledge and intent. It also went to rebut his defense he did not expect the package and did not know it contained cocaine. The trial court did not abuse its discretion in admitting the mailing label.

Lastly, Jernigan contends the evidence was insufficient to support his conviction because it did not show he knowingly possessed the cocaine in question.

■ On appeal, we consider only the evidence most favorable to the judgment and neither reweigh the evidence nor judge the credibility of the witnesses. *McMahel v. State* (1993), Ind.App., 609 N.E.2d 1175. If there is substantive evidence of probative value to support the judgment beyond a reasonable doubt, it will not be disturbed. *Id.* A conviction may be based upon circumstantial evidence alone. *Helton v. State* (1989), Ind., 539 N.E.2d 956, 958. When the evidence presented is circumstan-

tial, as it is here, it is not necessary that every reasonable hypothesis of innocence be overcome. *Byrd,* 579 N.E.2d at 465. Though the evidence is circumstantial, a verdict upon which reasonable men may differ will not be set aside. *Hughes v. State* (1987), Ind.App., 508 N.E.2d 1289, 1295, *reh. denied, trans. denied.*

■ In order to convict Jernigan for possession of cocaine with intent to deliver, the State had to prove Jernigan had knowledge of the nature of the substance and its presence. IC 35–48–4–1; *Mills. v. State* (1978), 177 Ind.App. 432, 379 N.E.2d 1023, 1029. Because knowledge is a mental state of the actor, the trier of fact must resort to reasonable inferences based on the examination of the surrounding circumstances to reasonably infer its existence. *Perkins v. State* (1979), 181 Ind.App. 461, 392 N.E.2d 490, 495.

■ In the instant case, Jernigan called the post office twice trying to locate the parcel. When it was delivered he acknowledged he was the addressee and he had been waiting for the package to arrive. Once he received the package, Jernigan left his house with the unopened package and drove off rapidly. This and the other evidence previously mentioned in this opinion raises a reasonable inference Jernigan knew what the package contained. There was substantial evidence having probative value from which the jury could find beyond a reasonable doubt, as it did, Jernigan was guilty of possession of cocaine with intent to deliver. We find no reversible error.

Affirmed.

SHARPNACK, C.J., and MILLER, J., concur.