**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Asst. to State Public Defender
Wieneke Law Office
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 16 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

PAUL J. KINNAMAN,          )
                          )
    Appellant-Defendant,   )
                          )
        vs.          )          No. 24A01-1105-CR-229
                          )
STATE OF INDIANA,          )
                          )
    Appellee-Plaintiff.    )

APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable J. Steven Cox, Judge
Cause No. 24C01-1010-FA-57

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Paul Kinnaman appeals his convictions of Class A felony dealing in methamphetamine[1] and Class A misdemeanor possession of paraphernalia.[2] He alleges the admission of testimony from various witnesses -- without objection from his trial counsel – was fundamental error. We affirm.

## FACTS AND PROCEDURAL HISTORY

Police stopped a car in which Kinnaman was a passenger and found methamphetamine, a pipe, and scales. At Kinnaman's trial, the State called the driver of the car, Jessica Mantooth, who testified she and Kinnaman were going to see Kinnaman's parole officer when their car was stopped. She also testified about whether she had told police that she thought Kinnaman had marijuana with him that day.

The State then presented testimony from the police officers who stopped the car. They testified about why they believed Kinnaman intended to deliver the methamphetamine and what evidence supported that belief. Kinnaman's counsel did not object to the testimony, ask that the jury be admonished, or move for a mistrial. The jury found Kinnaman guilty of both crimes.

## DISCUSSION AND DECISION

The admission of evidence is within the sound discretion of the trial court. *Davis v. State*, 791 N.E.2d 266, 268 (Ind. Ct. App. 2003), *reh'g denied, trans. denied*. A decision to

---

[1] Ind. Code § 35-48-4-1.1.

[2] Ind. Code 35-48-4-8.3.

2

admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in the denial of a fair trial. *Id.* In determining the admissibility of evidence, we consider only the evidence in favor of the trial court's ruling and unrefuted evidence in the defendant's favor. *Id.*

Kinnaman's trial counsel did not object to the testimony Kinnaman now argues was erroneously admitted. Appellate courts may, on rare occasions, resort to the fundamental error exception to address on direct appeal an otherwise procedurally defaulted claim. *Jewell v. State*, 887 N.E.2d 939, 942 (Ind. 2008). But fundamental error is extremely narrow and available only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for harm cannot be denied, and when the violation is so prejudicial to the rights of the defendant as to make a fair trial impossible. *Id.*

1.     Testimony Kinnaman was on Parole and Possessed Marijuana

On direct examination, Mantooth recounted a conversation with a police officer after her car was stopped. She testified she told the officer she and Kinnaman were on their way to pay his child support and see his parole officer. The State elicited no further discussion of Kinnaman's parole status.

Generally, the admission of evidence of prior criminal history is error, *Jackson v. State*, 518 N.E.2d 787, 789 (Ind. 1988), and the reference to parole indicated to the jury that Kinnaman had a criminal history. In *Jackson*, the prosecutor asked the victim if she had received any of her property back. In response, the victim said, "His parole, can I . . . ." *Id.*

3

at 788. Defense counsel immediately moved for a mistrial. Our Indiana Supreme Court characterized the reference as "fragmentary and inadvertent. There was no attempt by the prosecutor to elicit the information. Such damage as occurred to the defense did not warrant a mistrial." *Id*. at 789. Given the strength of the evidence against Jackson, the probable persuasive effect on the jury of the reference to parole was "minimal. The evidence was not so close that the jury could have been influenced by the error." *Id*.

Mantooth's testimony had minimal persuasive effect for the same reasons. Her mention of parole was brief and inadvertent, and there was no attempt by the prosecutor to elicit the information. As in *Jackson*, the evidence against Kinnaman was strong. About five grams of methamphetamine was in the center console of the car in which Kinnaman was the passenger. Mantooth told police Kinnaman shoved the drugs into the console before the car was stopped. He had a digital scale, a smoking pipe, plastic baggies, and over $500 in cash. Kinnaman has not shown admission of the reference to his parole was fundamental error.

Nor has he demonstrated fundamental error from Mantooth's testimony about whether Kinnaman had marijuana that day. A similar fundamental error standard applies to the admission of evidence of other crimes, wrongs, or acts under Indiana Evid. R. 404(b). *Oldham v. State*, 779 N.E.2d 1162, 1173-74 (Ind. Ct. App. 2002), *trans. denied*. "[T]he erroneous admission of character and uncharged bad act evidence to prove guilt does not always require reversal. Such errors are harmless and not fundamental when . . . there is overwhelming evidence of the defendant's guilt." *Id*. at 1173.

4

At trial, Officer Franklin testified Mantooth first said Kinnaman placed methamphetamine into the center console of the car, but then she changed her statement to indicate it was marijuana that Kinnaman put into the console. Mantooth testified at trial she did not make either statement. As explained above, the evidence of Kinnaman's guilt was sufficiently strong to negate any probable persuasive effect on the jury of the State's repeated reference to Mantooth's alleged earlier statements to police. Thus, the officer's testimony did not make a fair trial impossible.

2.        Testimony Kinnaman was a Dealer

Ind. Evid. R. 704(b) provides "Witnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions." The trial court permitted two State's witnesses to testify, without objection,[3] as to Kinnaman's intent.

Officer Bischoff testified Kinnaman had $507.00 when he was stopped, and was then asked "What evidence do you have that there was any intention to deal"? (Tr. at 36.) The officer testified, apparently as a "skilled witness,"[4] (id.), that "the normal user," (id. at 37),

---

[3] Kinnaman's counsel did object to one officer's testimony as "speculative," (Tr. at 37), but that objection is not the basis of Kinnaman's allegations of error on appeal. We accordingly review for fundamental error.

[4] It is not clear from the record that the State properly qualified Officer Bischoff as a skilled witness. After the officer testified about why certain evidence indicated Kinnaman was a dealer, Kinnaman's counsel said "Judge that's speculation." (Tr. at 37.) The State responded "I think he is a skilled witness who may testify as to what a typical user might have in that case," (id.), and the judge said "He can testify." (Id.) On appeal, Kinnaman correctly notes neither officer was qualified as an expert, but he does not argue Officer Bischoff was not a "skilled witness."

5

does not carry that much cash or methamphetamine. Kinnaman had several empty baggies, and the officer testified dealers "put the product into the little baggies and that's what they sell." (*Id.*) He testified users, by contrast, "don't accumulate a bunch of bags." (*Id.*)[5]

A "skilled" witness is one "with a degree of knowledge short of that sufficient to be declared an expert under Indiana Rule of Evidence 702, but somewhat beyond that possessed by the ordinary jurors." *O'Neal v. State,* 716 N.E.2d 82, 88 - 89 (Ind. Ct. App. 1999), *reh'g denied, trans. denied.* Under Evid. R. 701, a skilled witness may testify to an opinion or inference that is rationally based on the witness's perception, and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. *Davis*, 791 N.E.2d at 268. The requirement that the opinion be "rationally based" on perception means the opinion must be one that a reasonable person could normally form from the perceived facts. *Id.* The requirement that the opinion be "helpful" means, in part, that the testimony gives substance to facts, which are difficult to articulate. *Id.* at 269.

---

[5] Officer Franklin offered similar testimony, but was not qualified as a skilled or expert witness. The State notes he had qualified in that court as an expert in other trials and asserts he "could and would have qualified as a skilled witness," and "likely could have qualified as an expert" had the issue been raised. (Br. of Appellee at 10.) The State offers no authority to support its apparent premise that otherwise impermissible opinion testimony may be given by a witness who "could and would" qualify as skilled or expert, but who was not in fact so qualified by a trial court. We decline the State's invitation to usurp the trial court's authority to determine whether a witness is qualified as "skilled" or "expert."

Officer Franklin was asked "so based on your opinion with that evidence whoever possessed that uh, possessed it with intent to deal?" (Tr. at 91.) The State concedes Officer Franklin's response, "Whoever possessed these items were [sic] planning on dealing it [sic]," (*id.*), was inadmissible. But as explained below, the error in admitting Officer Franklin's testimony was harmless.

In *Davis*, Davis was charged with possession of cocaine with intent to deliver. Davis had discarded two plastic baggies of cocaine, each containing an "eight ball" or approximately forty-five rocks of cocaine that were individually wrapped or "bindled." *Id*. The officer testified the cocaine was packaged for dealing because it was uncommon for a drug user to carry the amount of cocaine Davis had. No paraphernalia used to smoke cocaine was found on Davis or near the scene. The officer testified drug users generally do not have large amounts of drugs on them. He stated drug users typically buy $10 to $20 rocks of cocaine that weigh approximately .10 grams and immediately smoke it. The officer testified that drug dealers, by contrast, generally carry larger amounts of cocaine.

We determined that testimony "gave substance to facts that were otherwise difficult to articulate. In particular, [the officer's] testimony was helpful to determine the intent element of the charge for possession of cocaine with intent to deliver." *Id*. The trial court did not abuse its discretion in admitting the skilled witness testimony. *Id*.

Similarly, in the case before us, Officer Bischoff's testimony was helpful to determine the intent element of the charge against Kinnaman. He did not testify directly that he believed Kinnaman was a dealer, but rather testified about what, in his experience, differentiated a "normal user" and a "normal dealer." (Tr. at 37.) Thus, we cannot say admission of Officer Bischoff's testimony was fundamental error.

By contrast, Officer Franklin's testimony that "whoever possessed these items were [sic] planning on dealing it [sic]" was undoubtedly a direct reference to Kinnaman's guilt in

7

violation of Evid. R. 704, and the State concedes it should not have been admitted. However, as explained above, not every trial error compels reversal. The improper admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction. *Cook v. State*, 734 N.E.2d 563, 569 (Ind. 2000), *reh'g denied*.

The State presented substantial evidence of Kinnaman's guilt independent of Officer Franklin's testimony Kinnaman planned on dealing the drugs he possessed, and we are convinced there is no substantial likelihood that the erroneously admitted evidence contributed to the jury's verdict. Allowing the questioned testimony into evidence was error but was harmless.

Accordingly, we affirm Kinnaman's convictions.

Affirmed.

CRONE, J., and BROWN, J., concur.