Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**JEFFREY G. RAFF**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTONIO A. BURGOS, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1209-CR-461 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D04-1108-FD-1039

**April 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Antonio Burgos, Sr. appeals his conviction for class D felony Possession of Marijuana.[1] Burgos presents as the sole issue on appeal the sufficiency of the evidence supporting his conviction.

We affirm.

On July 26, 2011, a United States Postal Inspector in Fort Wayne, Andrew Gottfried, received information from postal inspectors in McAllen, Texas, regarding a suspicious express mail package. The relatively large package was allegedly being sent from an address in McAllen by an Able Salinas to an Oscar Salinas at an apartment in Fort Wayne. The inspectors in McAllen investigated and found that the address from which the package was purportedly sent was a law firm, the employees of which had no knowledge of any Able Salinas.

Inspector Gottfried received the package in Fort Wayne around 7:00 a.m. on July 27. Upon investigation of the addressee, Gottfried determined that no Oscar Salinas resided at the residence in question, or anywhere else in Fort Wayne. Rather, Burgos was the current resident of record at this address. Following a K-9 alert on the package, Gottfried sought and obtained a federal search warrant for the package.

Gottfried and Corporal James Gasvoda of the Allen County Police Department executed the warrant around noon. Inside the package, they discovered a cooler that contained various non-perishable food items. Upon further investigation, they observed that the interior lining of the cooler had been altered. Underneath the liner, they discovered six

---

[1] Ind. Code Ann. § 35-48-4-11 (West, Westlaw current with all 2012 legislation).

heat-sealed packages, each containing approximately a pound of marijuana. Gottfried and Gasvoda then decided to attempt a controlled delivery after repackaging everything.

Gasvoda and other officers surveilled the area while Gottfried, dressed as a postal employee, took the package to the address listed thereon at approximately 2:00 p.m. Gottfried knocked on the door of the apartment, and Burgos answered. Gottfried asked Burgos if he was Oscar Salinas, and Burgos responded affirmatively. Gottfried then set the package down and asked Burgos to sign the postal delivery form. Burgos signed the express mail mailing label with the name Oscar Salinas and accepted the package.

Police maintained surveillance while a search warrant was obtained for Burgos's residence. Within an hour, police executed a search warrant. Burgos was the only individual at the residence when the warrant was executed, and the package was located inside his apartment. Burgos had not opened it. Burgos denied knowledge of the contents of the package and indicated that he had agreed to accept it for a friend named Manuel. He could not further identify Manuel, and Burgos indicated that he did not know anyone by the name Oscar Salinas.

Officers searched Burgos's apartment and found a drawer in the kitchen with used plastic baggies, some of which had their corners torn off. Also in this drawer was a digital scale with a green plant material on it that tested positive for marijuana. Officers also seized rolling papers and an empty box of cigarillos, which are often used to make marijuana blunts.

On August 2, 2011, the State charged Burgos with possession of marijuana in excess of thirty grams, a class D felony. The case proceeded to jury trial on July 3, 2012, with

Burgos representing himself. The jury found Burgos guilty as charged, and the court subsequently sentenced him to eight months in prison.

On appeal, Burgos challenges the sufficiency of the evidence. He acknowledges that his conduct "raises questions about what he knew" and is "suspicious." *Appellant's Brief* at 4. He appears to argue, however, that he could not be convicted because he did not open the package after it was delivered. Accordingly, Burgos claims that the State failed to establish that he knew the package contained marijuana.

Our standard of review for challenges to the sufficiency of the evidence is well settled.

> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State,* 881 N.E.2d 639, 652 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

*Bailey v. State,* 907 N.E.2d 1003, 1005 (Ind. 2009). Further, when the evidence is circumstantial, as it is here, it is not necessary that every reasonable hypothesis of innocence be overcome. *Jernigan v. State*, 612 N.E.2d 609, 613 (Ind. Ct. App. 1993) ("a verdict upon which reasonable men may differ will not be set aside"), *trans. denied*.

In order to convict Burgos, the State had to prove he had knowledge of the nature of the marijuana and its presence. *See Jernigan v. State*, 612 N.E.2d 609. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code Ann. § 35-41-2-2(b) (West, Westlaw current with all 2012 legislation). "Because knowledge is a mental state of the actor, the trier of fact must resort to

4

reasonable inferences based on the examination of the surrounding circumstances to reasonably infer its existence." *Jernigan v. State*, 612 N.E.2d at 613.

In *Jernigan*, we found that surrounding circumstances sufficiently established knowing possession of cocaine, despite the fact that the defendant had not opened the package he received during the controlled delivery. In so holding, we observed:

> Jernigan called the post office twice trying to locate the parcel. When it was delivered he acknowledged he was the addressee and he had been waiting for the package to arrive. Once he received the package, Jernigan left his house with the unopened package and drove off rapidly. This and the other evidence previously mentioned in this opinion raises a reasonable inference Jernigan knew what the package contained. There was substantial evidence having probative value from which the jury could find beyond a reasonable doubt, as it did, Jernigan was guilty of possession of cocaine with intent to deliver.

*Id.* The other relevant evidence appears to have been that Jernigan knew the unique package identification number when he called to check on the package and that the return address on the package was fictitious.

In the instant case, the attendant circumstances also support a reasonable inference that Burgos had knowledge of the nature of the contents of the package. Burgos knowingly accepted an express package from Texas for which he was waiting alone in his apartment. The package was mailed from a fictitious sender to Burgos's address, with a fictitious name used for the addressee. Upon delivery of the package, Burgos falsely identified himself as the fictitious addressee, signed that name on the mailing label, and accepted the package containing over six pounds of marijuana. Further, the subsequent search of his apartment revealed a drawer in his kitchen filled with drug paraphernalia, trace amounts of marijuana, and a digital scale.

5

In light of the above evidence it was well within the province of the jury to infer that Burgos had knowledge of the contents of the package. Therefore, we reject Burgos's sufficiency challenge.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.