**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LISA M. JOHNSON**
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LLOYD KIRK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1302-CR-66 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1204-FA-26368

**August 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Lloyd Kirk appeals his convictions of Class A felony rape[1] and Class C felony battery.[2] He presents two issues for our consideration

1.     Whether the State presented sufficient evidence he committed Class A felony rape; and

2.     Whether Kirk's convictions impermissibly subjected him to double jeopardy because the convictions were based on the same evidence.

We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of July 24, 2011, M.G. and her friend's two-year-old child were walking on Virginia Avenue in Indianapolis when Kirk approached her from behind and placed a sharp object at her neck. He told her he would hurt her and the child if she did not do as he directed. Kirk cut M.G. on the neck, causing it to bleed. He raped her next to a nearby building and stopped when M.G.'s cell phone would not stop ringing. M.G. escaped from Kirk and called her friend to pick her up.

M.G. went to Methodist Hospital, where she was treated for the injury to her neck and a rape kit was administered. The seminal fluid collected from M.G. had DNA matching Kirk's DNA. The police arrested Kirk a few days later near where the rape occurred.

The State charged Kirk with Class A felony rape, Class B felony criminal

---

[1] Ind. Code § 35-42-4-1(b)(1).
[2] Ind. Code § 35-42-2-1(a)(3).

2

confinement[3], and Class C felony battery. The State later amended the charging information to allege Kirk was an habitual offender. A jury found Kirk guilty as charged, and he admitted to being an habitual offender. The trial court merged the Class B felony criminal confinement conviction with the Class A felony rape conviction. The trial court sentenced Kirk to fifty years for Class A felony rape, with a thirty year enhancement for his status as an habitual offender, and eight years for Class C felony battery, and ordered the sentences to run concurrently.

## DISCUSSION AND DECISION

### 1.    Sufficiency of the Evidence

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

To prove Kirk committed Class A felony rape, the State had to present evidence he

---

[3] Ind. Code §35-42-3-3(b)(2).

3

knowingly or intentionally had sexual intercourse with M.G. and M.G. was compelled by Kirk's use or threat to use deadly force. *See* Ind. Code § 34-42-4-1(b) (elements of Class A felony rape). Kirk argues the State did not present evidence he used or threatened the use of deadly force. We disagree.

"Deadly force" is "force that creates a substantial risk of serious bodily injury." Ind. Code § 35-31.5-2-85. "Serious bodily injury" is "bodily injury that creates a substantial risk of death or that causes: (1) serious permanent disfigurement; (2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or (5) loss of a fetus." Ind. Code § 35-31.5-2-292. Kirk argues that because he did not threaten to kill M.G., he did not threaten deadly force. We disagree.

The force required for a conviction of rape by deadly force "need not be physical but may be constructive or implied." *Moore v. State*, 551 N.E.2d 459, 461 (Ind. Ct. App. 1990). The force applied need not be "brute strength" but may "be accomplished by fear produced by threats." *Id.* It is sufficient "if the threat of deadly force is imminent enough to cause the victim to submit to the aggressor." *Koons v. State*, 771 N.E.2d 685, 689 (Ind. Ct. App. 2002) (court held waving a belt and threatening to strike the victim constituted deadly force) (quoting *Pennington v. State*, 523 N.E.2d 414, 415-16 (Ind. 1988)). A threat of deadly force requires a showing of more than an "idle threat;" *Calbert v. State*, 275 Ind. 595, 598, 418 N.E.2d 1158, 1160 (1981); however, a weapon need not be brandished to sustain a Class A felony rape conviction. *Zollatz v. State*, 274 Ind. 550, 554, 412 N.E.2d 1200, 1202 (1980) (evidence sufficient where Zollatz told the victim to submit to a sexual act or "he would pull

4

a knife" on her).

In the instant case, Kirk told M.G. he would "hurt" her or the child if M.G. did not submit to his demands. (Tr. at 22.) He did so while holding a sharp object to M.G.'s neck. This is sufficient evidence Kirk used the threat of deadly force to commit rape.

2.    Double Jeopardy

Article 1, Section 14 of the Indiana Constitution provides that "no person shall be put in jeopardy twice for the same offense." Two or more offenses are the same if, "with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind.1999). Double jeopardy may also be proven when there is a "reasonable probability that the evidentiary facts used by the fact finder to establish the essential elements of one offense may also have been used to establish the essential elements of the second offense." *Id*. at 53. Kirk argues he was subjected to double jeopardy because the jury used the same evidence to convict him of Class A felony rape and Class C felony battery. We agree.

At closing argument, the State told the jury:

So what the State is asking you to do is convict the defendant of each offense for which he has been charged; the A felony rape because he used a deadly weapon. We all know that the human anatomy, the location of that injury, if he had been one direction or the other, there (unintelligible) arteries, your carotid arteries are there. She could be dead. So in a way she's lucky. She just got hurt really badly and humiliated in the worst way possible, and raped in front of a two year old. And for M.G. that's actually kind of lucky. But that's a deadly weapon, when you poke something sharp in someone's neck that's a deadly weapon. Same thing with the confinement; he held her there for the purpose of raping her. And the C felony is the injury with the deadly

5

weapon.

(Tr. at 153-53.) Based on the State's argument, there is a reasonable probability the jury used the injury to M.G.'s neck to enhance both the rape and battery convictions. In addition, at sentencing, the trial court stated:

> And then as to Count Three [Class C felony battery], I am going to sentence the defendant to a total of eight years, all of that time to executed but I am going to run it concurrent to Count One, with zero days suspended. I am running in concurrent because I think it is . . . I agree with you that he didn't have to stab her, but it was the same force that was used, and I don't know that there was additional proof of stabbing that supports a separate sentence, other than it being the force that was used to commit the rape, so I am going to run it concurrent.

(Tr. at 202-03.) As the imposition of concurrent sentences is not a remedy for Kirk being subjected to double jeopardy, his conviction for Class C felony battery cannot stand. See Adams v. State, 754 N.E.2d 1033, 1036 (Ind. Ct. App. 2001) (holding concurrent sentences does not cure double jeopardy violation). Therefore, we vacate Kirk's Class C felony battery conviction.

## CONCLUSION

The State presented sufficient evidence Kirk committed Class A felony rape. However, his convictions for both Class A felony rape and Class C felony battery subject him to impermissible double jeopardy based on the same evidence rule. Accordingly, we affirm in part and reverse in part.

Affirmed.

MATHIAS, J., concurs.

6

BAKER, J., concurs in part and dissents in part with opinion.

## IN THE
## COURT OF APPEALS OF INDIANA

LLOYD KIRK,

    Appellant-Defendant,

       vs.

STATE OF INDIANA,

    Appellee-Plaintiff.

)
)
)
)
)
)
)
)
)
)

No.  49A05-1302-CR-000066

---

**BAKER, Judge, concurring in part and dissenting in part.**

I agree with the majority's view that the evidence was sufficient to support Kirk's conviction for rape as a class A felony.  However, I part ways with the conclusion that Kirk's conviction and sentence for battery as a class C felony must be set aside on double jeopardy grounds.

The State's information charging Kirk with rape as a class A felony alleged that he knowingly had sexual intercourse with M.G. when she was "compelled by deadly force or the threat of deadly force."  Appellant's App. p. 25 (emphasis added).  On the other hand, Kirk was charged with battery as a class C felony as follows:  "Kirk, on or about July 24, 2011, by means of a deadly weapon, that is:  a sharp object, did knowingly touch [M.G.] in the neck with the sharp object. . . that is poking M.G. in the neck with the sharp object."  Id. at 26, 61,

8

63. Thus, as indicated above, it was Kirk's <u>use</u> of a deadly weapon that elevated this offense from a class B misdemeanor to a class C felony. Ind. Code § 35-42-2-1(a)(3).

In my view, the evidence presented at trial establishing Kirk's threat of deadly force supporting the class A felony rape conviction was not the same evidence that supported the conviction for class C felony battery. More specifically, Kirk committed and completed the threat of deadly force when he placed the sharp object against M.G.'s throat and threatened to injure her and the two-year-old child. Tr. p. 22-23. And this "threat of deadly force" element did not require an actual use of force. Thereafter, the evidence established that Kirk engaged in the additional conduct of actually stabbing or "poking" M.G. in the throat with the sharp object. <u>Id.</u> at 24.

These facts were separate and distinct. And it has been held that a defendant's use of the same weapon in the commission of separate and distinct offenses does not amount to a violation of the Indiana Double Jeopardy Clause. <u>See</u> <u>Miller v. State</u>, 790 N.E.2d 437, 439 (Ind. 2003) (finding no double jeopardy violation to enhance the defendant's convictions for confinement, robbery, and criminal deviate conduct when the same knife was used); <u>see</u> <u>also</u> <u>Bunch v. State</u>, 937 N.E.2d 839, 848 (Ind. Ct. App. 2010) (concluding that there was no double jeopardy when enhancing the defendant's convictions for robbery and confinement where a sawed-off shotgun was used), <u>trans.</u> <u>denied</u>.

I would also note that this Court has affirmed a defendant's conviction for both rape and battery under a double jeopardy challenge where each offense was established by separate and distinct facts that supported the use or threat of force element. More

9

specifically, in <u>Moore v. State</u>, the evidence demonstrated that the defendant beat the victim, thus supporting the conviction for battery. 882 N.E.2d 788, 794-95 (Ind. Ct. App. 2008). The defendant then forced the victim to engage in sexual intercourse, which supported the rape conviction. <u>Id.</u> at 795. On appeal, we concluded that each offense was established by separate and distinct facts and that the defendant's convictions for battery and rape did not violate double jeopardy concerns.

When applying the principles enunciated above, and in light of the evidence that was presented in this case, I cannot agree with the majority's view that there is a reasonable probability that the actual injury to M.G.'s neck was used to enhance both the rape and battery convictions. In other words, there is little to no substantial likelihood that the jury used the same evidentiary facts to establish the essential elements of these two offenses. Thus, Kirk's convictions and sentences for both offenses are not in violation of double jeopardy principles. Thus, I vote to affirm the trial court's judgment in all respects.